UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

**FREDERICK BANKS**             CIVIL ACTION NO. 5:14-cv-2320
   **FED. REG. # 05711-068**
VS.                                        SECTION P

                                                 JUDGE ELIZABETH E. FOOTE

**C.I.A., ET AL.**                         MAGISTRATE JUDGE KAREN L. HAYES

REPORT AND RECOMMENDATION

*Pro se* petitioner Frederick Banks, who is alleged to be an inmate confined in the Northeast Ohio Correctional Center, Youngstown, Ohio,[1] filed the instant petition for writ of *habeas corpus* pursuant to Title 28 U.S.C. §2241 on July 14, 2014.  On July 28, 2014 he filed a questionable application to proceed *in forma pauperis*.[2]  Petitioner identified a number of respondents, including the Central Intelligence Agency, the United States Third Circuit Court of Appeals, President Obama, and Attorney General Holder.  He claims that he is entitled to be released from custody because, among other things, the "... C.I.A. applied electronic harassment using Voice to Skull technology to imprison [him] on a bogus revocation violation where even the warrant was not even signed by a Judge or supported by oath or affirmation and did not describe the particular offense in violation of the Fourth Amendment..." [Doc. 4, ¶13]

Petitioner has a long and well documented history of filing frivolous law suits in the

---

[1] According to the Bureau of Prisons, Banks was released from federal custody on May 24, 2013. See http://bop.gov/inmaeloc/   Further, he is not identified as a prisoner in custody on the Vine Link site for the State of Ohio. See https://vinelink.com/

[2] The purported signature of the accounts officer on the accounts certification form appears to be a forgery. See Doc. 5, p. 6.

United States District Courts in Pennsylvania and Ohio. [See PACER Case Locator, Civil Party Search Name Banks, Frederick Ohio, Pennsylvania which lists 125 *habeas corpus* and civil rights suits filed by Mr. Banks in those jurisdictions] Further, he has, on numerous occasions unsuccessfully complained about the deleterious effects of the C.I.A.'s "voice to skull" technology. [See Westlaw, search ("voice to skull" & Banks) which yields references to numerous cases filed in Pennsylvania, Ohio, and the District of Columbia]

## *Law and Analysis*

As noted above, petitioner's application for *in forma pauperis* status is highly questionable; nevertheless, since it would be futile to expect petitioner to submit a valid application, and since the matter must be dismissed for want of jurisdiction, petitioner should be granted *in forma pauperis* status at this time.

Petitioner invokes the jurisdiction of the Court citing 28 U.S.C. §2241. As noted above, petitioner is allegedly incarcerated at the Northeast Ohio Correctional Center, Youngstown, Ohio. A petition for *habeas corpus* filed pursuant to § 2241 must be filed in the district with jurisdiction over the prisoner or his custodian. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.2000). The district of incarceration is the only district that has jurisdiction to entertain a petitioner's § 2241 petition. *Lee v. Wetzel*, 244 F.3d 370 (5th Cir.2001) (citing *Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir.1999).) Petitioner is not incarcerated in the Western District of Louisiana; therefore, this court does not have jurisdiction over this claim.

## *Conclusion and Recommendation*

Petitioner's motion to proceed *in forma pauperis* is **GRANTED**; and,

**IT IS RECOMMENDED** that this petition for *habeas corpus* filed pursuant to 28 U.S.C.

§2241 be **DISMISSED** for want of jurisdiction.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, July 30, 2014.

_____
**KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE**